IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-CR-40079-SMY |
| | ) |
| STEVEN D. SOWELL, | ) |
| | ) |
| Defendant. | ) |

# ORDER

Defendant Steven D. Sowell was sentenced on June 20, 2019 to 87 months imprisonment and 4 years of supervised release for conspiracy to distribute methamphetamine in violation of 21 U.S.C. § 846 and distribution of methamphetamine in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). (Doc. 34). He is currently housed at FCI Forrest City Low, Arkansas and his projected release date is September 28, 2024. Now pending before the Court is Sowell's *pro se* Motion for Compassionate Release pursuant to the First Step Act of 2018 in which he seeks release due to the COVID-19 global pandemic (Doc. 39).[1] The Government has responded in opposition (Doc. 44). For the following reasons, the Motion is **DENIED without prejudice**

Section 603 (b)(1) of the First Step Act permits the Court to reduce a term of imprisonment upon motion of either the Director of the Bureau of Prisons ("BOP") or a defendant for "extraordinary or compelling reasons" so long as the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). A defendant seeking compassionate release must first request that the BOP file a motion seeking the same. *Id*. If the BOP declines to file a motion, the defendant may file a motion on his own behalf,

---

[1] Assistant Federal Public Defender David L. Brengle entered an appearance on behalf of Defendant Sowell but was granted leave to withdraw on December 22, 2020 (Doc. 43).

provided he has either exhausted administrative remedies or 30 days have elapsed since the warden at his institution received such a request, whichever is earliest. *Id*.

The Government points out that Sowell failed to exhaust his administrative remedies as he has not sought relief from the warden at FCI Forrest City Low. The exhaustion requirement is mandatory; Sowell must either fully exhaust his administrative remedies or wait 30 days after making a request of the warden before filing suit. *United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Failure to exhaust administrative remedies is an affirmative defense . . . , not a jurisdictional issue that the court must reach even if the litigants elect not to raise it."); *United States v. Alam*, 960 F.3d 831, 833-4 (6th Cir. 2020); *United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020) (Noting that the failure to exhaust "presents a glaring roadblock foreclosing compassionate release."); *United States v. Elion*, 2020 WL 4284354 (S.D. Ill. 2020).

Accordingly, Sowell's *pro se* Motion for Compassionate Relief (Doc. 39) is **DENIED without prejudice**. Should he choose to do so, Sowell may refile his motion after exhausting his administrative remedies as required by statute.

**IT IS SO ORDERED.**

**DATED: January 12, 2021**

**STACI M. YANDLE**
**United States District Judge**